PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FUSION BRANDS AMERICA INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.  8:17-cv-1598<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF**<br><br>**JURY TRIAL DEMAND** |

# INTRODUCTION

1.     The average consumer spends a mere 13 seconds making an in-store purchasing decision, or between 10 to 19 seconds for an online purchase.[1]  That decision is heavily dependent on a product's packaging, and particularly the package dimensions: "Most of our studies show that 75 to 80 percent of consumers don't even bother to look at any label information, no less the net weight . . . . Faced with a large box and a smaller box, both with the same amount of product inside . . . consumers are apt to choose the larger box because they think it's a better value."[2]  This lawsuit charges Defendant with intentionally packaging its products in opaque packages that contain a false bottom and a false top, such that the actual volume of product is a small fraction of the exterior volume of the container.  Consumers, in reliance on the size of the containers, purchased these products, which they would not have purchased had they known that the containers were substantially empty.

2.     Michael Gonzales ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and deceptive actions of Fusion Brands America Inc. ("Defendant") with respect to the packaging of all products sold in California.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3.     Plaintiff purchased Defendant's CLEAN Reserve skin [reserve blend] scent product in June of 2017 in Costa Mesa, California.  Plaintiff expected to receive a

---

[1] http://www.nielsen.com/us/en/insights/news/2015/make-the-most-of-yourbrands-20-second-window.html (citing the Ehrenberg-Bass Institute of Marketing Science's report "Shopping Takes Only Seconds…In-Store and Online").

[2] http://www.consumerreports.org/cro/magazinearchive/2010/january/shopping/product-packaging/overview/product-packaging-ov.htm (quoting Brian Wansink, professor and director of the Cornell Food and Brand Lab, who studies shopping behavior of consumers).

CLASS ACTION COMPLAINT

1   full container of the CLEAN Reserve skin [reserve blend] scent product, which is
2   packaged in non-transparent containers, as depicted below.  Plaintiff was surprised and
3   disappointed when he opened the CLEAN Reserve skin [reserve blend] scent product to
4   discover that the package had a false bottom and a false top, such that the actual volume
5   of product was a small fraction of the exterior volume of the container.  Had Plaintiff
6   known about the false bottom and false top at the time of purchase, he would not have
7   bought Defendant's product.

8        4.      Defendant's conduct violates consumer protection and labeling laws.

9                          **JURISDICTION AND VENUE**

10       5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332,
11   because this is a class action, as defined by 28 U.S.C § 1332(d)(l)(B), in which a
12   member of the putative class is a citizen of a different state than Defendant, and the
13   amount in controversy exceeds the sum or value of $5,000,000, excluding interest and
14   costs. See 28 U.S.C. § 1332(d)(2).

15       6.      The Court has jurisdiction over the state law claims because they form part
16   of the same case or controversy under Article III of the United States Constitution.

17       7.      The Court has personal jurisdiction over Defendant because its CLEAN
18   products are advertised, marketed, distributed and sold through the State of California;
19   Defendant engaged in the wrongdoing alleged in this Complaint throughout the United
20   States, including in the State of California; Defendant is authorized to do business in
21   the State of California; and Defendant has sufficient minimum contacts with the State
22   of California, rendering the exercise of jurisdiction by the Court permissible under
23   traditional notions of fair play and substantial justice.  Moreover, Defendant is engaged
24   in substantial activity with the State of California.

25       8.      Venue is proper in the United States District Court for the Central District
26   of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events
27   giving rise to the claims occurred within this judicial district, Defendant has marketed
28   and sold the products at issue in this action in this judicial district, and it conducts

business within this judicial district.   In addition, Plaintiff resides in this judicial district.

## PARTIES

9.     Plaintiff Michael Gonzales is a citizen of the State of California and resides in Orange, California.   Plaintiff purchased a CLEAN Reserve skin [reserve blend] scent product for personal consumption during the last four years in Costa Mesa, California.   Plaintiff purchased the Product in reliance on Defendant's packaging in containers made, formed or filled as to be misleading and containing false tops and false bottoms.   Had Plaintiff known the truth about Defendant's misrepresentations, he would not have purchased the CLEAN Reserve skin [reserve blend] scent product.

10.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Fusion Brands America Inc. is a Delaware corporation with its principal place of business located in New York, New York.   Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant, at all times relevant, conducted business in the State of California and within the Central District of California.

11.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.   Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.   Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12.     At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.   Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Fusion Brands America, Inc. and DOE Defendants will hereafter collectively be referred to as

"Defendant").

## FACTUAL ALLEGATIONS

**California Law Prohibits False Bottoms, False Sidewalls, and False Lids or Coverings in Packaging**

13.     Many federal and state consumer protection and labeling laws prohibit deceptive packaging and labeling of products and commodities.  In California, the Fair Packaging and Labeling Act ("CFPLA") "is designed to protect purchasers of any commodity within its provisions against deception or misrepresentation. Packages and their labels should enable consumers to obtain accurate information as to the quantity of the contents and should facilitate value comparisons."   (California Business & Professions Code § 12601.)

14.     In this context, the CFPLA provides: "No container wherein commodities are packed shall have a ***false bottom, false sidewalls, false lid or covering***, or be otherwise so constructed or filled, wholly or partially, as to facilitate the perpetration of deception or fraud."  (California Business & Professions Code § 12606(a); emphasis added.)  The CFPLA provides further: "No container shall be made, formed, or filled as to be misleading. A container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack fill."  (California Business & Professions Code § 12606(b).)  Section 12606(b) defines "nonfunctional slack fill," which would include false bottoms, false sidewalls, and false lids or covering, as "the empty space in a package that is filled to substantially less than its capacity for reasons other than any one or more of [among other things] the following:

(1) Protection of the contents of the package.

(2) The requirements of machines used for enclosing the contents of the package.

(3) Unavoidable product settling during shipping and handling.

(4) The need to utilize a larger than required package or container to provide adequate space for the legible presentation of mandatory and necessary labeling information….

(5) The fact that the product consists of a commodity that is packaged in a decorative or representational container where the container is part of the presentation of the product and has value that is both significant in proportion to the value of the product and independent of its function to hold the product. ….

(6) An inability to increase the level of fill or to further reduce the size of the package….

(7) The product container bears a reasonable relationship to the actual amount of product contained inside, and the dimensions of the actual product container, the product, or the amount of product therein is visible to the consumer at the point of sale, or where obvious secondary use packaging is involved.

(8) The dimensions of the product or immediate product container are visible through the exterior packaging….

(9) The presence of any headspace within an immediate product container necessary to facilitate the mixing, adding, shaking, or dispensing of liquids or powders by consumers prior to use.

(10) The exterior packaging contains a product delivery or dosing device if the device is visible….

(11) The exterior packaging or immediate product container is a kit that consists of a system, or multiple components….

(12) The exterior packaging of the product is routinely displayed using tester units or demonstrations to consumers in retail stores….

(13) The exterior packaging consists of single or multiunit presentation boxes of holiday or gift packages if the purchaser can adequately determine the quantity and sizes of the immediate product container at the point of sale.

(14) The exterior packaging is for a combination of one purchased product, together with a free sample or gift, wherein the exterior packaging is necessarily larger than it would otherwise be due to the inclusion of the sample or gift, if the presence of both products and the quantity of each product are clearly and conspicuously disclosed on

the exterior packaging.

(15) The exterior packaging or immediate product container encloses computer hardware or software designed to serve a particular computer function…." (California Business & Professions Code § 12606(b)(1)-(15).)

15.    None of the above safe-harbor provisions applies to the CLEAN Reserve skin [reserve blend] scent product or Defendant's other products.   Defendant intentionally incorporates false bottoms and false tops in its packaging of the CLEAN Reserve skin [reserve blend] scent product and its other products in order to mislead consumers, including Plaintiff and Members of the Class.

**Defendant's Product Packaging Contains False Bottoms and False Tops**

16.    Defendant's CLEAN Reserve skin [reserve blend] scent product and its other products are sold in non-transparent containers. The containers have false bottoms and false tops, such that the actual volume of product was a small fraction of the exterior volume of the container.



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





CLASS ACTION COMPLAINT

17.     Judging from the sizes of the container, a reasonable consumer would expect them to be substantially filled with product. Consumers are misled into believing that they are purchasing substantially more product than they receive.

18.     There is no functional reason for including false bottoms and false tops in the product packaging.

19.     Plaintiff is informed and believes, and upon such information and belief alleges, that consumers have relied upon, and are continuing to rely upon, the size of the product packaging containers as the basis for making purchasing decisions. Consumers believe that the CLEAN product packaging containers are substantially full because they cannot see the actual contents within the nontransparent container.

20.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is selling and will continue to sell the products using these blatantly deceptive and misleading packaging with false tops and false bottoms.

21.     Defendant's packaging and advertising violate the CFPLA, as set forth above.

**Plaintiff Relied on Defendant's Misleading and Deceptive Conduct and Was Injured as a Result**

22.     The types of misrepresentations made, as described herein, were considered by Plaintiff and Class Members (as would be considered by a reasonable consumer) when deciding to purchase the product. Reasonable consumers, including Plaintiff and Class Members, attached importance to whether Defendant's products were misbranded, i.e., not legally salable, or capable of legal possession, and/or contain false bottoms and/or false tops.

23.     Plaintiff and the Class Members did not know, and had no reason to know, that the product packaging contained false bottoms and false tops.

24.     Defendant's product packaging was a material factor in Plaintiff's and the Class Members' decisions to purchase the products.  Based on Defendant's product packaging, Plaintiff and the Class Members believed that they were getting more

product than was actually being sold. Had Plaintiff known Defendant's packaging included false bottoms and false tops, he would not have bought the CLEAN Reserve skin [reserve blend] scent product.

25.   Plaintiff and the Class Members paid the full price of the CLEAN products marketed by Defendant and received less CLEAN product than they expected due to the false bottoms and false tops in the packaging of the CLEAN products.

26.   There is no practical reason for the false bottoms and false tops used to package the CLEAN products other than to mislead consumers as to the actual volume of the CLEAN products being purchased by consumers.

27.   As a result of Defendant's misrepresentations, Plaintiff and thousands of others throughout California purchased the Products. Plaintiff and the Class (defined below) have been damaged by Defendant's deceptive and unfair conduct.

## CLASS ACTION ALLEGATIONS

28.   Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class (collectively, the "Class" or "Classes"), defined as:

**All California residents who made retail purchases of Defendant's CLEAN products packaged in containers with a false bottom, false sidewalls, false lid or covering, as defined by California Business & Professions Code § 12606, during the applicable limitations period up to and including final judgment in this action.**

29.   The proposed Class excludes current and former officers and directors of Defendant, Members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

30.   Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

CLASS ACTION COMPLAINT

31.    The Fusion Brands America products sold by Defendant suffer from virtually the same misleading product bottling, labeling and false bottoms/false tops.

32.    Numerosity: This action has been brought and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class. Based on sales of the CLEAN products it is estimated that the Class is composed of more than 10,000 persons. Furthermore, even if subclasses need to be created for these consumers, it is estimated that each subclass would have thousands of Members. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

33.    Typicality: Plaintiff's claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

34.    Adequacy: Plaintiff will fairly and adequately protect the interests of the Members of the Class in that he has no interests antagonistic to those of the other Members of the Class. Plaintiff has retained experienced and competent counsel.

35.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action. If Class treatment of these claims were not available, Defendant would likely unfairly receive thousands of dollars or more in

improper revenue.

36.   <u>Common Questions Predominate</u>: Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the common questions of law and fact applicable to the Class are:

i.      Whether Defendant labeled, packaged, marketed, advertised and/or sold CLEAN products to Plaintiff, and those similarly situated, using false, misleading and/or deceptive packaging and labeling;

ii.     Whether Defendant's actions constitute violations of the CFPLA, California Business & Professions Code § 12601 *et seq*.;

iii.    Whether Defendant omitted and/or misrepresented material facts in connection with the labeling, packaging, marketing, advertising and/or sale of its CLEAN products;

iv.     Whether Defendant's labeling, packaging, marketing, advertising and/or selling of CLEAN products constituted an unfair, unlawful or fraudulent practice;

v.      Whether Defendant's packaging of the CLEAN products contained false bottoms and/or false tops;

vi.     Whether, and to what extent, injunctive relief should be imposed on Defendant to prevent such conduct in the future;

vii.    Whether the Members of the Class have sustained damages as a result of Defendant's wrongful conduct;

viii.   The appropriate measure of damages and/or other relief; and

ix.     Whether Defendant should be enjoined from continuing its unlawful practices.

37.   The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would

preclude his maintenance of this matter as a Class action.

38.    The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

39.    The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

40.    The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interest of all Members of the Class, although certain Class Members are not parties to such actions.

41.    Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, inter alia, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## **CAUSES OF ACTION**

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT,**

### **Cal. Civ. Code § 1750, et seq.**

42.    Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

43.    Plaintiff brings this claim individually and on behalf of the Class for Defendant's violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code 1761(d).

/ / /

44.     Plaintiff and the Class Members are consumers who purchased Defendant's CLEAN products for personal, family or household purposes. Plaintiff and the Class Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d). Plaintiff and the Class Members are not sophisticated experts with independent knowledge of corporate branding, labeling and packaging practices.

45.     The CLEAN products that Plaintiff and other Class Members purchased from Defendant were "goods" within the meaning of Cal. Civ. Code § 1761(a).

46.     Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

47.     Defendant violated California law because the CLEAN products are packaged in containers made, formed or filled as to be misleading and which contain false bottoms and/or false tops, and because they are intentionally packaged to prevent the consumer from being able to fully see their contents.

48.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "Misrepresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it misrepresents that the CLEAN products have quantities they do not have.

49.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it advertises goods as containing more product than they in fact contain.

CLASS ACTION COMPLAINT

50.     Plaintiff and the Class Members are not sophisticated experts about corporate branding, labeling and packaging practices. Plaintiff and the Class acted reasonably when they purchased the CLEAN products based on their belief that Defendant's representations were true and lawful.

51.     Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased the CLEAN products on the same terms absent Defendant's illegal and misleading conduct as set forth herein; (b) they purchased the CLEAN products due to Defendant's misrepresentations and deceptive packaging in containers made, formed or filled as to be misleading and containing false bottoms and/or false tops; and (c) the CLEAN products did not have the quantities as promised.

52.     On or about July 21, 2017, prior to filing this action, Plaintiff sent a CLRA notice letter to Defendant which complies with California Civil Code 1782(a). Plaintiff sent Fusion Brands America Inc., individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. A true and correct copy of the letter is attached hereto as Exhibit 1.

53.     Wherefore, Plaintiff seeks injunctive relief for these violations of the CLRA.

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW,

### California Business & Professions Code § 17200, et seq.

54.     Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

55.     Plaintiff brings this claim individually and on behalf of the Members of the Class for Defendant's violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.

/ / /

56.    The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising…"

57.    Defendant violated California law because the CLEAN products are packaged in containers made, formed or filled as to be misleading and that contain false bottoms and/or false tops and because they are intentionally packaged to prevent the consumer from being able to fully see their contents.

**A. "Unlawful" Prong**

58.    Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CFPLA, California Business & Professions Code § 12601 *et seq*.

59.    Specifically, Defendant violated section 12606 of the Business and Professions Code, in that Defendant packaged its CLEAN products in non-conforming type containers. Said non-conforming packages contained extra space by volume in the interior of the container. The extra space provided no benefit to the contents of the packaging and misled consumers. In addition, Defendant packaged its CLEAN products in containers made, formed, or filled as to be misleading to a potential customer as to the actual size and filling of the package with Defendant's CLEAN products.

**B. "Unfair" Prong**

60.    Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's advertising is of no benefit to consumers.

**C. "Fraudulent" Prong**

61.    Defendant violated the "fraudulent" prong of the UCL by misleading Plaintiff and the Class to believe that the CLEAN products contained more content than they actually contain and that such packaging and labeling practices were lawful, true

and not intended to deceive or mislead consumers.

62.     Plaintiff and the Class Members are not sophisticated experts about the corporate branding, labeling, and packaging practices of the CLEAN products. Plaintiff and the Class acted reasonably when they purchased the CLEAN products based on their belief that Defendant's representations were true and lawful.

63.     Plaintiff and the Class lost money or property as a result of Defendant's UCL violations because (a) they would not have purchased the CLEAN products on the same terms absent Defendant's illegal conduct as set forth herein, or if the true facts were known concerning Defendant's representations; (b) they paid a price for the CLEAN products due to Defendant's misrepresentations; and (c) the CLEAN products did not have the quantities as represented.

64.     The conduct of Defendant as set forth above demonstrates the necessity for granting injunctive relief restraining such and similar acts of unfair competition pursuant to California Business and Professions Code. Unless enjoined and restrained by order of the court, Defendant will retain the ability to, and may engage in, said acts of unfair competition, and misleading advertising. As a result, Plaintiff and the Class are entitled to injunctive and monetary relief.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW,

### California Business & Professions Code § 17500, et seq.

65.     Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

66.     Plaintiff brings this claim individually and on behalf of the Members of the Class for Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq.

67.     Under the FAL, the State of California makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state . . . . in any advertising device . . . or in any other manner or means whatever,

including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

68.     Defendant engaged in a scheme of offering misbranded CLEAN products for sale to Plaintiff and the Class Members by way of packaging the CLEAN products in containers made, formed or filled as to be misleading and which contain false bottoms and/or false tops. Such practice misrepresented the content and quantity of the misbranded CLEAN products. Defendant's advertisements were made in California and come within the definition of advertising as contained in Bus. & Prof Code §§ 17500, et seq. in that the product packaging was intended as inducements to purchase Defendant's CLEAN products. Defendant knew its conduct was unauthorized, inaccurate, and misleading.

69.     Defendant violated California law because the CLEAN products are packaged in containers made, formed or filled as to be misleading and which contain false bottoms and/or false tops and because they are intentionally packaged to prevent the consumer from being able to fully see their contents.

70.     Defendant violated Section 17500, et seq. by misleading Plaintiff and the Class to believe that the CLEAN product packaging contains more CLEAN product than it in fact contains, as described herein.

71.     Defendant knew or should have known, through the exercise of reasonable care that the CLEAN products were and continue to be misbranded, and that its representations about the quantities of the CLEAN products were untrue and misleading.

72.     Plaintiff and the Class Members lost money or property as a result of Defendant's FAL violations because (a) they would not have purchased the CLEAN products on the same terms absent Defendant's illegal conduct as set forth herein, or if the true facts were known concerning Defendant's representations; (b) they paid a price

for the CLEAN products due to Defendant's misrepresentations; and (c) the CLEAN products did not have the benefits, or quantities as promised, and as a result the class is entitled to monetary and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendant as follows:

(A) For an Order certifying the Class pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as class representatives, and designating Plaintiff's counsel as counsel for the Class;

(B) For an Order declaring that Defendant's conduct violated the CLRA, Cal. Civ. Code § 1750, et seq., and awarding (i) injunctive relief, (ii) costs of suit, and (iii) reasonable attorneys' fees;

(C) For an Order declaring that Defendant's conduct violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq., and awarding (i) injunctive relief, (ii) actual damages, (iii) prejudgment and post judgment interest; (iv) exemplary and/or punitive damages pursuant to Cal. Civ. Code § 3294, (v) costs of suit, and (iv) reasonable attorneys' fees pursuant to, inter alia, Cal. Code of Civ. Proc § 1021.5;

(D) For compensatory damages in amounts to be determined by the Court and/or jury;

(E) For prejudgment interest on all amounts awarded;

(F) For an order of restitution and all other forms of equitable monetary relief, as pleaded;

(G) For injunctive relief as pleaded or as the Court may deem proper;

(H) For an Order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit as pleaded; and

/ / /

CLASS ACTION COMPLAINT

(I) For such other and further relief as the Court deems just and proper.

Date: September 14, 2017                    Respectfully submitted,

PACIFIC TRIAL ATTORNEYS
A Professional Corporation


By: _/s/Scott J. Ferrell_____
       Scott J. Ferrell
       Attorneys for Plaintiff

CLASS ACTION COMPLAINT

1

## **DEMAND FOR TRIAL BY JURY**

2
3

Plaintiff, individually and on behalf of all others similarly situated, hereby demand a jury trial on all claims so triable.

4

5

Date: September 14, 2017              Respectfully submitted,

6
7

PACIFIC TRIAL ATTORNEYS
A Professional Corporation

8
9
10

By:  _/s/Scott J. Ferrell_____
       Scott J. Ferrell
       Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEMAND FOR TRIAL BY JURY